**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4651**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JASON MARVIN SAUNDERS,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:15-cr-00002-RAJ-DEM-1)

Submitted: July 22, 2016                Decided: August 24, 2016

Before WILKINSON, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Rodolfo Cejas, II, Assistant Federal Public Defender, Patrick L. Bryant, Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Alexandria, Virginia, Andrew Bosse, Joseph E. DePadilla, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Saunders was indicted on eleven counts of various drug and firearm offenses. A jury convicted Saunders on ten of the eleven counts and the district court sentenced him to 480 months' imprisonment. Saunders raises two issues on appeal. First, Saunders challenges two of his convictions: (1) one count of possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and (2) one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He argues that the government presented insufficient evidence to prove the possession element of those offenses. Second, he contends that the district court erred by providing an incomplete jury instruction regarding co-conspirator liability, otherwise known as Pinkerton liability. For the reasons that follow, we conclude that the jury had sufficient evidence to convict Saunders on the relevant charges, and that the district court did not err by giving an incomplete jury instruction. We therefore affirm.

I.

A.

On February 6, 2014, police executed a search warrant at an apartment Saunders and his brother used as a base for drug manufacturing and distribution. Saunders, his brother, his

2

associates, several drug customers, and the man who owned the apartment were present before and during the raid. Detective Ken Adams led a group of officers through the back entrance of the house. Before Adams and his team could secure the back door, Saunders's brother and two other occupants had run out of it. Adams and his team of officers apprehended Saunders's brother, but were unable to catch the other escapees. Adams then entered the house through the back door, which opened into the kitchen.

Police had already secured the house when Adams entered the kitchen, where he found Saunders and another man lying face-down in handcuffs on the floor. The kitchen was small, approximately seven by twelve feet. Adams saw a black handgun next to Saunders's left foot, and a plastic bag containing individual capsules of heroin to the right of his feet. In addition to the handgun, police found multiple bags of cocaine and an assortment of other drugs, along with tools used to manufacture and distribute drugs, including a cutting agent, Pyrex-type glassware, strainers, a digital scale topped with rocks of crack cocaine, and sandwich bags.

Police discovered another handgun under a couch cushion in the living room, along with various drugs and a digital scale. Saunders was arrested after the raid, but was later released on

bond. He resumed selling drugs shortly thereafter and was arrested again on August 23, 2014.

                                    B.

On January 7, 2015, a federal grand jury indicted Saunders on eleven counts of various drug and firearm offenses. Saunders moved for a judgment of acquittal on two counts under 18 U.S.C. §§ 924(c)(1)(A) and 922(g)(1), contending that the government failed to prove that he possessed a firearm during the police raid conducted on February 6, 2014.

The district court denied the motion, finding that the jury could determine the question of possession based upon evidence presented by the government at trial. That evidence included testimony that: (1) Saunders, his brother, and his associates participated in multiple drug transactions where they possessed and revealed firearms to their buyers, J.A. 113-18; (2) Saunders typically manufactured and sold drugs while in possession of a firearm, J.A. 269, 274-75; (3) Saunders sold drugs to approximately four people in the hour preceding the police raid, and that he conducted his business from the kitchen, where he and the firearm were discovered. J.A. 271; and (4) the firearm Saunders carried resembled the one found at the scene, J.A. 157.

The jury convicted Saunders on the charges in question and the district court sentenced him to 480 months' imprisonment. This appeal timely followed.

                                    4

II.

This court reviews de novo a district court's denial of a Rule 29 motion for judgment of acquittal. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). When reviewing challenges to the sufficiency of the evidence, we determine whether "any rational trier of fact could have found the essential elements of the charged offenses beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). A jury's verdict must be upheld if there is substantial evidence, viewed in the light most favorable to the government, to support it. Burks v. United States, 437 U.S. 1, 17 (1979). We must consider circumstantial and direct evidence, and "allow the government the benefit of all reasonable inferences." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982) (citations omitted). We have held that uncorroborated testimony of a single witness may be sufficient evidence, even if that witness is an accomplice or an informant. See United States v. Wilson, 115 F.3d 1185, 1189-90 (4th Cir. 1997). In light of these considerations, "[a] defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).

This court reviews de novo the claim that a jury instruction failed to correctly state the applicable law. United States v. Jefferson, 674 F.3d 332, 351 (4th Cir. 2012).

Saunders did not raise his objection to the district court's instruction before the jury began its deliberation; therefore, this court's review is for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993); see also Fed. R. Crim. P. 30(d), 52(b). This court has discretion to correct a forfeited error if it is "plain" and "affects substantial rights." Id.

We first address Saunders's sufficiency of the evidence challenge to his convictions under §§ 924(c)(1)(A) and 922(g)(1). We then address Saunders's challenge to the completeness of the district court's jury instruction.

A.

Saunders appeals his convictions under 18 U.S.C. §§ 924(c)(1)(A) and 922(g)(1). For the reasons stated below, we find that the evidence presented to the jury was sufficient to find constructive possession of the firearm.

Both offenses have an element of possession that must be proved beyond a reasonable doubt before a defendant can be convicted. Actual possession is not necessary to sustain a conviction for possession; constructive possession is sufficient. See United States v. Branch, 537 F.3d 328, 342-43 (4th Cir. 2008). The government set forth no evidence for actual possession; therefore, the issue is whether the government presented sufficient evidence such that any rational

6

trier of fact could find beyond a reasonable doubt that Saunders constructively possessed the firearm.

Constructive possession exists when the defendant exercises, or has the power to exercise, dominion and control over the item. See United States v. Gallimore, 247 F.3d 134, 137 (4th Cir. 2001). Constructive possession may be proved by either circumstantial or direct evidence. United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir. 1980). Furthermore, a jury "[may] consider proximity as part of [its] analysis of a defendant's constructive possession." United States v. Schrader, 675 F.3d 300, 308-09 (4th Cir. 2012). However, proximity alone is not enough to determine a defendant's dominion or control over an item. Laughman, 618 F.2d at 1077. Rather, "where other circumstantial evidence . . . is sufficiently probative, proximity to contraband coupled with inferred knowledge of its presence will support a finding of guilt." Id. (quoting United States v. Whitmire, 595 F.2d 1303, 1316 (5th Cir. 1979)).

Here, the government points to Saunders's close proximity to the firearm, as well as other direct and circumstantial evidence to prove possession. At trial, the government introduced four cooperating witnesses who described the way that Saunders conducted drug-related activities. Testimony by a regular buyer placed Saunders and his associates at multiple

7

drug transactions where they possessed firearms. One of Saunders's associates testified that Saunders would typically manufacture and sell drugs while in possession of a firearm. The associate also revealed that Saunders was in the kitchen selling drugs on the night of February 6, and that he had sold to approximately four individuals in the hour preceding the raid. Finally, another regular buyer testified that the firearm found at the scene resembled one Saunders typically carried.

Despite this evidence, Saunders takes issue with the government's heavy reliance on his proximity to the firearm. He contends that, because the government presented a "lack of evidence concerning just how [he] came to be on the ground . . . the probative value of [his] proximity to the gun is minimal at best." Appellant's Supp. Br. at 4. Saunders also takes issue with the number of individuals found at the scene during the raid, contending that "the gun could have been dropped by any number of people present or fleeing the apartment." Appellant's Supp. Br. at 6. Saunders argues that, under these circumstances, the jury would have to rely on impermissible speculation to conclude that he knew about the firearm in the kitchen and had dominion and control over it.

Saunders's arguments ignore the importance of the other evidence presented at trial. Trial testimony established a nexus between Saunders's habit of gun possession and his

8

involvement in drug-related activities. It follows, therefore, that the jury could reasonably conclude that as Saunders was selling drugs on February 6, while surrounded by tools used to manufacture drugs and associates who helped him sell drugs, that he was aware of the firearm's presence in the apartment. It is true that the government relied heavily on Saunders's proximity to the firearm to prove its case, despite limited evidence describing how that proximity was created. However, as noted above, proximity to a firearm coupled with inferred knowledge of its presence can support a finding of guilt. Laughman, 618 F.2d at 1077. The jury's determination of guilt need not be reversed because of the government's heavy reliance on proximity, as the jury could have reasonably concluded that Saunders constructively possessed the firearm in light of testimony brought by the government at trial.

In sum, the district court correctly denied Saunders's motion for judgment of acquittal on the two counts, because the government presented sufficient evidence allowing the jury to conclude beyond a reasonable doubt that Saunders constructively possessed the firearm found at the apartment on February 6, 2014.

B.

Next, we address Saunders's claim that the district court erred in giving an incomplete instruction on Pinkerton

9

liability. Here, we must determine if the jury instruction contained a plain error, and if so, how to correct it. For the reasons stated below, we find no error.

"[T]o reverse for plain error the reviewing court must (1) identify an error, (2) which is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Brewer, 1 F.3d 1430, 1434-35 (4th Cir. 1993). This court rarely finds plain error, reserving such analysis for those circumstances "in which a miscarriage of justice would otherwise result." United States v. Young, 470 U.S. 1, 15 (1985); accord United States v. Jarvis, 7 F.3d 404, 410 (4th Cir. 1993). "[O]nly if in the context of the proceedings, taken as a whole, the error . . . seriously affected the fairness, integrity or public reputation of the judicial proceedings should we exercise our discretion . . . to notice it." United States v. Cedelle, 89 F.3d 181, 184-85 (4th Cir. 1996).

Here, we have already held that the government presented sufficient evidence for the jury to consider Saunders's liability based on constructive possession. Saunders does not challenge the district court's administration of the jury instruction regarding constructive possession. Therefore, because the jury could reasonably conclude that Saunders

10

constructively possessed the firearm, there is no need to consider Pinkerton liability. Even if the jury instruction demonstrates a plain error, we decline to notice it because it did not affect "the fairness, integrity or public reputation of the judicial proceedings" in the district court. Cedelle, 89 F.3d at 184-85.

## III.

For the foregoing reasons, we affirm the district court's decision and find that it did not err by giving an incomplete jury instruction. We dispense with oral argument because the facts are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED